UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 13-139-HRW

ESTEL HESLER, PLAINTIFF,

v.   MEMORANDUM OPINION AND ORDER

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits and

supplemental security income benefits.  The Court having reviewed the record in this case and

the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the

reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by

substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits and supplemental

security income benefits on July 12, 2010, alleging disability beginning on October 8, 2008, due

to being illiterate (Tr. 188).  This application  was denied initially and on reconsideration.  On

November 29, 2011, an administrative hearing was conducted by Administrative Law Judge

Karen R. Jackson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified.  At

the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:  If the claimant is performing substantial gainful work, he is not disabled.

Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:  If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On January 13, 2012, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 15-23).  Plaintiff was 48 years old at the time of the hearing decision. She has a 8th grade education with special education.  Her past relevant work experience consists of work as an assembler and maintenance worker.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 17).

The ALJ then determined, at Step 2, that Plaintiff suffers from reading disorder; disorder of written expression; anxiety disorder; borderline intellectual functioning; coronary artery disease, status post stenting of the right coronary artery and left anterior descending artery; and jaw pain, status post multiple surgeries due to a mandible fracture  , which he found to be "severe" within the meaning of the Regulations (Tr. 17).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17). In doing so, the ALJ specifically considered listings 1.08, 4.04, 12.02, 12.05 and 12.06 (Tr. 17-19).

The ALJ further found that Plaintiff could perform her past work as an assember and, additionally, has the residual functional capacity ("RFC") to perform a range of light work, with certain limitations as set forth in the hearing decision (Tr. 19-21)

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22). Accordingly, the ALJ found Plaintiff not to be disabled at Steps 4 and 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 11 and 12] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."
*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).
Finally, this Court must defer to the Commissioner's decision "even if there is substantial
evidence in the record that would have supported an opposite conclusion, so long as substantial
evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th
Cir.1997).

Plaintiff's sole contention on appeal is that the ALJ should have found Plaintiff to be
presumptively disabled at Step 3 of the sequential process by finding that she meets the
requirements of Listing 12.05C.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203
F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through
four of the [sequential disability benefits analysis]," including proving presumptive disability by
meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof
at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404,
subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL
1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964
F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1
("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled."
*Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the
elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2,
quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for

4

the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the

requirements specified in the Listing." *Id.* (emphasis added).   This must be done by presenting

specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-

532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no

matter how severely, does not qualify." *Sullivan*, at 530.   In other words, it is insufficient for a

claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789

F.2d 363, 367 (6th Cir. 1986)

> Listing 12.05 provides in pertinent part:
>
>> 12.05 *Mental retardation:* Mental retardation refers to significantly
>> subaverage general intellectual functioning with deficits in
>> adaptive functioning initially manifested during the developmental
>> period; *i.e.,* the evidence demonstrates or supports onset of the
>> impairment before age 22.
>> The required level of severity for this disorder is met when the requirements in A,
>> B, C or De are satisfied.
>>  . . . .

> In this case, Plaintiff argues that she has the severity requirements set forth in Subpart C,

which requires:

>> A valid verbal, performance, or full scale IQ of 60 through 70 and
>> a physical or other mental impairment imposing an additional and
>> significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

> In order to fall within Listing 12.05, Plaintiff must first show that she has

"significantly subaverage general intellectual functioning with deficits in adaptive functioning"

which "initially manifested during the developmental period."    Plaintiff has not done so.  She

relies upon the scores reported from two examining psychologists, Martin George, M.A. and

Robert W. Noelker, Ph.D.  The ALJ rejected these scores and further noted that Plaintiff's history

of work as an assembler belied her contention that she has been validly diagnosed with mental

retardation.  The ALJ noted that Dr. Noelker's limitations were inconsistent with Plaintiff's long

work history and his test results were significantly lower than the results noted by Mr. George

(Tr. 19-21, 256-257, 223). The ALJ also noted that Plaintiff's activities including caring for a

horse, mowing the grass, and driving were not consistent with these limitations (Tr. 21).  The

Court find no error in the ALJ's assessment.  Notably, the burden is upon Plaintiff to prove

disability at Step Three and she has presented evidence which call into question the ALJ's

findings.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the

record.  Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary

Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be

**SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously

herewith.

This _3rd_ day of _March_ , 2015.



Signed By:
_Henry R. Wilholt, Jr._
**United States District Judge**

Henry R. Wilhoit, Jr., Senior Judge

6